Matter of Kamonie U. (Mark U.-- Lilian A.) (2022 NY Slip Op 02245)

Matter of Kamonie U. (Mark U.-- Lilian A.)

2022 NY Slip Op 02245

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Webber, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Docket No. NN-10659/19 Appeal No. 15659 Case No. 2021-00315 

[*1]In the Matter of Kamonie U., Also Known as Kamanie U., A Child Under Eighteen Years of Age etc., Mark U., Respondent, Lilian A., Respondent-Respondent Administration for Children's Services, Petitioner-Respondent.

Kenneth M. Tuccillo, Hastings on Hudson, for Lilian A., respondent.
Georgia M. Pestana, Corporation Counsel, New York (Amy McCamphill of counsel), for Administration for Children's Services, respondent.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), attorney for the child.

Order, Family Court, Bronx County (Ronna Gordon-Galchus, J.), entered on or about December 14, 2020, which denied the Family Ct Act § 1091 motion by attorney for subject child Kamonie U. seeking Kamonie's return to foster care, unanimously affirmed, without costs.
The issue on appeal is whether Family Court erred in denying the attorney for the child's (AFC) motion pursuant to Family Ct Act § 1091.
Kamonie was born on November 1, 2001. He has been in and out of foster care since he was approximately 10 years of age. It is alleged that he has been violent towards his grandmother, father and sister. He also has a history of psychiatric hospitalizations and a diagnosis of Disruptive Mood Dysregulation Disorder and Autism Spectrum Disorder.
On May 22, 2019, Kamonie, then age 17, was arrested on felony charges and was charged as an adult. An indictment issued in June 2019, charging Kamonie with several felony charges including criminal sexual act in the first degree, a class B felony. On November 1, 2019, when he turned 18 years of age, he was transferred from a detention center to Rikers Island. At a December 2, 2019 permanency hearing, Kamonie stated he no longer consented to placement in foster care. Accordingly, he was released from foster care on that date.
In January 2020, AFC notified Administration for Children's Services (ACS) that Kamonie wished to return to foster care, and in February 2020, AFC moved pursuant to Family Ct Act § 1091 for Kamonie's return to foster care and placement at a residential setting where he could receive therapeutic and educational services. AFC argued he should be permitted to re-enter foster care because Supreme Court was inclined to release him to a residential setting rather than incarcerate him. ACS agreed to the relief sought on condition that Kamonie was accepted into the selected facility and released from incarceration. For reasons which are unclear from the record, Kamonie was not accepted into the facility. His bail was revoked and he was returned to incarceration.
In August 2020, AFC submitted a new Family Ct Act § 1091 motion. AFC asserted that according to Kamonie's criminal defense counsel, the presiding Supreme Court judge wanted Kamonie to enter a residential facility in order to receive psychological services and treatment, and so he would qualify for youthful offender status for which he was eligible given his age at the time of his alleged offense. However, at a September 2020 virtual Family Court appearance, Kamonie's defense counsel advised that Supreme Court no longer agreed to consider granting Kamonie youthful offender status. With leave of the Family Court, AFC filed an amended motion asserting that Kamonie wanted to return to foster care to receive psychological, educational and vocational services and treatment. AFC stated that Kamonie stated that he was ready to comply with referrals for services and treatment, and if released from incarceration, whether on bail, bond, [*2]acquittal, or youthful offender status, he would need a safe home to live. Kamonie stated he was no longer welcome at his grandmother's home, and a homeless shelter would be his only alternative. Kamonie's father supported AFC's application, arguing he could not provide appropriate care and services to his son. ACS opposed the motion.
Family Court denied AFC's motion, finding there was no compelling reason for his return to foster care. Family Court, noting Supreme Court's decision not to grant Kamonie youthful offender status, held it had no information that he could even be released from incarceration if ordered to return to foster care. Family Court stated that it had no concrete information before it to show that Kamonie's criminal matter was being resolved. It noted that even taking into account that Kamonie had already been incarcerated since May 2019, the mandatory sentencing guidelines might still require him to be incarcerated beyond his 21st birthday.
We agree that there is no compelling reason for Kamonie's return to foster care. Moreover, AFC failed to establish that Family Court either misapprehended or overlooked record evidence in reaching these conclusions.
Family Ct Act § 1055(e), provides that foster care placement cannot be made or continued beyond the child's 18th birthday without his or her consent, and "in no event" past his/her 21st birthday.
Family Ct Act § 1091(e) provides that a former foster care youth over age 18 but under age 21 who, due to failure to consent to continued placement, was discharged from foster care, may move to return to foster care. Such motion which, per subsection (b), may be made where there is a "compelling reason" to return to foster care, shall show, as relevant here: (1) that the youth has no reasonable alternative to foster care; (2) that he/she consents to enrollment in and attendance at an appropriate educational or vocational program, unless evidence is submitted that such enrollment or attendance is unnecessary or inappropriate; (3) that re-entry into foster care is in his/her best interests; and (4) that the applicable local social services district consents to such
re-entry, or unreasonably refuses to consent.
AFC makes sound arguments as to why a return to foster care would be in Kamonie's best interests once he is released from incarceration. There is no doubt that continued foster care would provide Kamonie with the prospect of stable housing, educational and vocational support, services and mental health medication and treatment (see e.g. Matter of Jefry H., 102 AD3d 132 [2d Dept 2012]). However, as Family Court noted, AFC can only speculate when Kamonie might be released. AFC also does not challenge Family Court's conclusion that it is not apparent Kamonie could be released from incarceration if it ordered his return to foster care. Further, AFC failed to show that Kamonie can receive foster care services while incarcerated. In light of the particular realities of this [*3]case, AFC fails to show what reversal or modification of the order under review would accomplish, or that ACS's opposition to the requested relief is
unreasonable (see Family Ct Act § 1091[f][2][ii]).
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022